UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROSARIO GONZALEZ,

                Plaintiff,

            - against -

KMART INC.,

                Defendant.
-------------------------------------------------------x

**AMENDED**
**MEMORANDUM & ORDER**
13-CV-5910 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Rosario Gonzalez brings this action against Defendant Kmart Inc. ("Defendant" or "Kmart") seeking damages for injuries suffered as a result of a slip and fall inside one of Kmart's stores. Kmart now moves for summary judgment, contending that Plaintiff has failed to put forward sufficient evidence to make out a *prima facie* case of negligence. For the reasons stated below, Kmart's motion for summary judgment is granted.

## BACKGROUND

On the afternoon of June 22, 2012, Plaintiff and her companions Martha Aparicio and Lillian Gomez went to a Kmart store in New York City in order to deposit money at a Western Union office located inside. (Dkt. 29 ("Def.'s 56.1") ¶ 1-2.)[1] To get to the Western Union office,

---

[1] The facts in this section are drawn from the statements contained in the parties' 56.1 statements. Unless otherwise noted, a standalone citation to a 56.1 Statement denotes that the Court has deemed the underlying factual allegation undisputed. Any citation to a party's 56.1 Statement incorporates by reference the documents cited therein. Where relevant, however, the Court may cite directly to underlying documents.

Local Rule 56.1 "requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence of record supporting each such fact. . . . If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003); *see also Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) (A party's "failure to respond or

Plaintiff rode the escalator down to the store's basement level. (*Id.* ¶ 4.) When Plaintiff reached the bottom of the escalator, she walked two to three steps to her left, lost her balance, and fell onto her right side. (*Id.* ¶ 6.) After her fall, she noticed a red liquid and some bread on the floor next to her. (*Id.* ¶ 7.) According to Plaintiff, the liquid was "wet, sticky, and slippery" and "like a soda." (Dkt. 33 ("Pl.'s 56.1") ¶ 32.) Plaintiff, however, did not know where the liquid or bread had come from or how long either item had been on the floor. (Def.'s 56.1 ¶ 11.) Prior to her fall, Plaintiff "did not observe the floor at the bottom of the escalator." (*Id.* ¶ 5.)

Although she cannot recall how she got off the ground, Plaintiff stood up immediately after falling. (*Id.* ¶ 9.) Her companion, Martha Aparicio, then sought out a store employee for help, (*Id.* ¶ 10), and explained to the employee, who was approximately five feet away from Plaintiff,[2] that Plaintiff had slipped and fallen. (Pl.'s 56.1 ¶ 34.) The store employee then got a chair for Plaintiff. (*Id.* ¶ 37.) Plaintiff did not ask for medical attention or go to the hospital. (*Id.* ¶ 38; *see* Def.'s 56.1 ¶ 14.) When Plaintiff got home, she noticed that her pants were torn and her knee was scraped. (*Id.* ¶ 43.)

To recover damages for her injuries, Plaintiff commenced this action in Supreme Court of the State of New York, Queens County on August 26, 2013. (Dkt. 1.) Defendant removed the

---

contest the facts set forth [in the moving party's] Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed.") (quotation marks omitted). In its reply, Defendant did not respond to Plaintiff's 56.1 counter-statement. Therefore, the Court deems the facts asserted in Paragraphs 27 through 50 of Plaintiff's 56.1 counterstatement to be undisputed and admitted. *Giannullo*, 322 F.3d at 140; *see also Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."). The Court is not aware of any authority that dictates a different rule where the moving party is responding to a non-moving party's 56.1 counter-statement.

[2] The evidence does not establish whether the Kmart employee was four or five feet away from Plaintiff at the time of the fall or only after the fall when Plaintiff's friend went to find help.

action on the basis of diversity jurisdiction to this Court on October 28, 2013. (*Id.*) After discovery, on September 29, 2015, Defendant moved for summary judgment seeking dismissal of Plaintiff's complaint, which alleges only a negligence claim. (Dkt. 28.) Plaintiff opposes Defendant's motion.

**DISCUSSION**

**I. LEGAL STANDARD**

Summary judgment is proper only where, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole,* 678 F.3d 166, 173–74 (2d Cir. 2012). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material within the meaning of Rule 56 where it "might affect the outcome of the suit under the governing law." *Id.* at 248. In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (internal citations and quotations omitted).

This standard imposes the initial burden on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Id.* at 324*; see also Anderson,* 477 U.S. at 256–57. "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of N.Y.,* 132 F.3d 145, 149 (2d Cir. 1998) (collecting cases). "Summary judgment is

appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Summary judgment is also proper where "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

## II. PLAINTIFF'S NEGLIGENCE CLAIM

### A. Negligence Under New York Law

"To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal citations and quotations omitted).[3] With respect to a motion for summary judgment in a slip-and-fall case, "the *plaintiff* must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014) (emphasis added); *Lacey v. Target Corp.*, 13-CV-4098, 2015 WL 2254968, at *2 (E.D.N.Y. May 13, 2015); *see Kraemer v. K-Mart Corp.*, 641 N.Y.S.2d 130 (N.Y. App. Div. 1996).

---

[3] Because jurisdiction in the instant case is based on diversity, the Court applies New York substantive law to the elements of Plaintiff's claims, but, as discussed *infra*, federal procedural law to determine whether Defendant is entitled to summary judgment. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Khalil-Mirhom v. Kmart Corp.*, 12-CV-5512, 2014 WL 173415, at *3 (E.D.N.Y. Jan. 13, 2014); *Casierra v. Target Corp.*, 09-CV-1301, 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010).

4

Defendant argues that there is no evidence in the record indicating that Kmart had either actual or constructive notice that the liquid and/or bread was present on the floor prior to Plaintiff's fall. Plaintiff, however, responds that there is sufficient circumstantial evidence from which a reasonable jury could conclude that Defendant or its employees had constructive notice of the spill. Accordingly, the dispositive issue with respect to Defendant's summary judgment motion is whether Plaintiff has demonstrated a material factual dispute on the issue of Defendant's constructive notice of the liquid and/or bread prior to Plaintiff's fall.

### B. Applicable Summary Judgment Standard

As an initial matter, the parties dispute the applicable summary judgment standard. Specifically, Plaintiff contends that the moving party, *i.e.* Defendant, must offer sufficient evidence to demonstrate "that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it." (Dkt. 32 ("Pl.'s Opp.") at 9.)[4] But Plaintiff's argument erroneously relies on the State court summary judgment standard, which is different than the standard applied in federal court. *See Shimunov v. Home Depot U.S.A, Inc.*, 11-CV-5136, 2014 WL 1311561, at *3 (E.D.N.Y. Mar. 28, 2014); *Painchault v. Target Corp.*, 09-CV-1831, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011) (internal citations and quotations omitted); *DeAngelis v. Am. Airlines, Inc.*, 06-CV-1967, 2010 WL 1292349, at *3 n.2 (E.D.N.Y. Mar. 31, 2010). Whereas the State court summary judgment standard in New York requires the moving party to put forth evidence in support of its motion for summary judgment, the federal standard does not. *Casierra*, 2010 WL 2793778, at *1 n.1 (citing N.Y.C.P.L.R. 3212(b)); *see Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F.

---

[4] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

5

App'x 11, 12 (2d Cir. 2008) (noting how New York summary judgment standard differs from federal standard); *Simoes v. Target Corp.*, 11-CV-2032, 2013 WL 2948083, at *9 (E.D.N.Y. June 14, 2013). Under the federal summary judgment standard, Defendant is not required to produce evidence affirmatively demonstrating its lack of knowledge or constructive knowledge; rather, it need only show that Plaintiffs will not be able to prove at trial that Defendant had such knowledge. It is this standard that controls here "because what burdens each party bears on summary judgment is a procedural rather than substantive matter." *DeAngelis*, 2010 WL 1292349, at *3 n.2 (internal citations and quotations omitted); *see Chong v. Target Corp.*, 14-CV-547, 2015 WL 2250250, at *4 (E.D.N.Y. May 12, 2015) (Plaintiff "miscontrue[d] the burden" where she "argue[d] that Defendant . . . failed to prove a lack of constructive notice").[5] Thus, Defendant can meet its burden on summary judgment here based on *Plaintiff's* failure to produce evidence showing that Defendant had constructive notice of the allegedly hazardous condition.

### C. Constructive Notice

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Lacey*, 2015 WL 2254968, at *3 (internal citations and quotations omitted); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998); *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992). "[P]laintiff must provide some basis for an inference that the [spill was] there long enough to blame [D]efendant for the accident." *Lacey*, 2015 WL 2254968, at *4 (internal citations and quotations omitted). A "general awareness" of the allegedly hazardous condition is insufficient. *DeAngelis*, 2010 WL 1292349, at *6 (internal

---

[5] For the same reasons, Plaintiff's assertion that in order to succeed on summary judgment, *Defendant* must provide evidence "as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" is incorrect. (Pl.'s Opp. at 9.)

6

citation and quotation omitted). "[A] jury should not be allowed to conclude, based on mere speculation, that a condition was visible and apparent for a sufficient length of time to be discovered and remedied." *Painchault*, 2011 WL 4344150, at *4 (internal citation and quotation omitted). Accordingly, summary judgment is warranted where a plaintiff "fails to submit evidence that the dangerous condition was present for some time before the accident occurred." *DeAngelis*, 2010 WL 1292349, at *6; *Tenay*, 281 F. App'x at 14 (affirming grant of summary judgment where plaintiff "offered neither any evidence that the wet area was visible or apparent, nor any evidence suggesting how long the condition had existed prior to his fall"); *Lacey*, 2015 WL 2254968, at *4-5 (plaintiff failed to "identif[y] any evidence that raise[d] a triable issue of fact as to constructive notice" where "debris that purportedly caused plaintiff's slip could have been on the floor for a long period of time, or it could have landed there only moments before plaintiff slipped on it"); *Casierra*, 2010 WL 2793778, at *3 ("To get to a jury, [Plaintiff] is required to provide some basis for an inference that the spill was there long enough to blame [Defendant] for the accident."); *Hammond-Warner*, 797 F. Supp. at 211 ("[I]n order to show constructive notice, plaintiff must present evidence of the length of time the condition existed prior to the alleged fall. In the absence of such evidence, the complaint must be dismissed.").

Defendant argues that there is insufficient evidence establishing "that the liquid and/or food was on the floor for the appreciable length of time necessary to afford [Kmart] an opportunity to have discovered it" and that, therefore, there are no genuine issues of material fact for trial. (Def.'s Opp. at 14.)[6] The Court agrees. Here, not only does Plaintiff concede that she *does not know* how

---

[6] Whether or not the substance was "visible and apparent" is not at issue in the instant case because the parties agree that Plaintiff saw the substance after her fall. (Def.'s 56.1 ¶ 7.) "This is sufficient to establish that the object was visible and apparent." *Lionel*, 44 F. Supp. 3d at 321 (internal citation and quotation omitted).

7

long the substance that allegedly caused her fall had been on the floor prior to her accident, but the record is also devoid of any evidence that would permit a jury to make such a determination. Plaintiff simply offers no evidence regarding when the spill occurred or how long it had been there prior to the accident.[7] (Def.'s 56.1 ¶ 11; Pl.'s 56.1 ¶ 11.) Accordingly, summary judgment is warranted because Plaintiff fails to offer evidence as to an element which she bears the burden of proving at trial, *i.e.*, that the substance was on the floor long enough for one of Defendant's employees to have discovered it, so as to support a finding of constructive notice. *See Shimunov v. Home Depot U.S.A, Inc.*, 11-CV-5136, 2014 WL 1311561, at *6 (E.D.N.Y. Mar. 28, 2014) (finding that defendant established an absence of constructive notice where plaintiff could not present evidence as to how long the condition existed prior to plaintiff's fall); *Quarles*, 997 F. Supp. at 332 ("[T]here is no evidence as to when the coffee was spilled on the floor, and plaintiff's failure to offer such evidence is fatal to her claim of constructive notice."); *Hammond-Warner*, 797 F. Supp. at 211 (granting summary judgment where plaintiff did not know the length of time the substance had been on the ground) (collecting cases).

Given the absence of direct evidence to establish this element, Plaintiff argues that a reasonable jury could find constructive notice based on certain circumstantial evidence, namely: (1) a "recurring" condition of debris on the store's floors, (2) an employee close in proximity to the spill's location, (3) the liquid's consistency at the time of Plaintiff's fall, and (4) Defendant's lack of a "specific maintenance plan in place."[8] (Pl.'s Opp. at 14-15.) None of these facts,

---

[7] Plaintiff herself testified that she did not see the liquid on the floor prior to her fall. (*See* Dkt. 28-9 ("Gonzalez Tr.") at 93:5-8 ("Q. . . . At any point before your accident, did you see liquid on the floor of the store that day? A. No."); 100:10-12 ("Q: So you saw the shelves, but you did not see the spill? A. No, I did not see the liquid.").)

[8] Plaintiff also asserts that Defendant had "an inadequate number of maintenance personnel assigned to the multi-floor building." (Pl.'s Opp. at 15.) Because this argument is similar to

however, viewed in the light most favorable to Plaintiff, are sufficient to defeat Defendant's summary judgment motion.

First, Plaintiff argues that because she had previously reported debris on the store's floors to Defendant, Defendant was constructively aware of the hazardous condition that led to her fall. (*See* Gonzalez Tr. at 58:15-22.) A "plaintiff may . . . establish constructive notice by submitting evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the [defendant]." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 193 (S.D.N.Y. 2004) (internal citation and quotation omitted). This evidence must show Defendant's "constructive notice of the *particular* dangerous condition that caused the accident." *Id.* (Internal citations and quotations omitted) (emphasis added).

Here, Plaintiff's testimony that sometime before the accident, she "comment[ed] to" a Kmart employee that there was debris on the floor inside the store is not enough to support the inference that Defendant was aware of the liquid and/or bread present near the escalator on the day of Plaintiff's fall. The Second Circuit's decision in *Riley v. Battery Place Car Park* is instructive. There, the plaintiff alleged that she had slipped and fallen on an oil patch on a ramp in defendants' parking garage. *Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006). In an effort to establish constructive notice, plaintiff offered evidence regarding "occasional oil leakage" from parked cars in the garage. *Id.* The Second Circuit affirmed the district court's grant of summary judgment to the defendants, holding that to establish constructive notice, it is not enough to allege a "general awareness of oil leaks by parked cars on [the defendants'] premises." *Id.* (Internal citations and quotations omitted.) Rather, to survive summary judgment, the plaintiff needed to

---

Plaintiff's contention that Defendant did not have a maintenance plan in place, the Court analyzes the two together.

allege "the regular recurrence" of oil leaks "on the ramp where [the plaintiff] slipped." *Id.* Plaintiff's allegations here are similarly deficient. By Plaintiff's own admission, her previous complaints to Kmart did not concern debris in the same location as the liquid and/or bread that allegedly caused her fall on June 22, 2012. (Gonzalez Tr.at 53:13-16 (Q. Were the juice and the cookies and the wrappers in the same location in which you fell on June 22nd, 2012? A. No.").) Thus, Plaintiff's testimony, which amounts to nothing more than providing Defendant with a "general awareness" of debris in the store, fails to establish constructive notice. *Gonzalez*, 299 F. Supp. 2d at 194 (granting summary judgment on behalf of defendant notwithstanding testimony that the parking lot where plaintiff fell was often littered with the same rope that caused plaintiff's injury).[9]

Second, Plaintiff's argument that she fell "four or five steps away" from a Kmart employee and therefore the employee "should have known of the spill" is likewise unavailing. (Pl.'s Opp. at 13-14.) The mere fact that a Kmart employee may have been close to the spill at the time Plaintiff fell is insufficient to create an inference that the employee saw the spill *before* the accident or was present long enough before Plaintiff's fall to have had the opportunity to cure the hazardous condition. *See Hammond-Warner*, 797 F. Supp. at 212 ("the mere proximity of employees is insufficient grounds on which to establish constructive notice"). Absent evidence as to how long the employee was present in the area of the spill or how long the spill was there, Plaintiff will not able to satisfy her burden at trial that Defendant had constructive notice of the condition. *Lionel*, 44 F. Supp. 3d at 322 (finding evidence that employees regularly inspected the area to be

---

[9] Plaintiff's reliance on *O'Connor-Miele v. Barhite & Holzinger, Inc.* is misplaced. In *O'Connor*, the Court found a recurring condition where, unlike here, the plaintiff offered his own and a neighbor's testimony that the soap powder that caused his fall "was frequently present" in the same stairwell where his fall occurred. 650 N.Y.S.2d 717 (N.Y. App. Div. 1996).

10

insufficient because plaintiff provided no evidence that spill existed long enough to observe it); *cf. Alexander v. Marriott Int'l, Inc.*, 01 CIV. 1124, 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (denying summary judgment motion where plaintiff presented evidence that another customer observed a puddle twenty minutes prior to plaintiff's fall and saw store employees walking through the area during those twenty minutes on multiple occasions). Plaintiff also offers no evidence indicating that the nearby employee was in a position to see the spill. Therefore, the evidence of a nearby employee around the time of Plaintiff's fall does not save her claim.

Third, Plaintiff's circumstantial evidence that the substance on the floor was "sticky" does not imply that the spill was present "for a reasonable time period thus allowing the nearby associate to identify and have it cleaned up." (Pl.'s Opp. at 14.) To avail herself of a constructive notice inference, Plaintiff would need to offer evidence that the substance would not have been sticky upon spilling and only became sticky after a period of time. *See Figueroa v. Pathmark Stores, Inc.*, No. 02 CIV. 4992, 2004 WL 74261, at *4 (S.D.N.Y. Jan. 15, 2004) (inferring constructive notice where there was a trail of pink liquid with "shopping cart tracks and footprints through it" *combined* with plaintiff's observation that liquid had changed colors and become sticky). She offers no such evidence here. Rather, Plaintiff describes the substance as "like a soda," a substance that is inherently sticky. *See Nolasco v. Target Corp.*, 10-CV-3351, at 5 (E.D.N.Y. Nov. 14, 2012) (rejecting plaintiff's argument where "detergent may well have been inherently thick and cloudy"). This is not a case where the "telltale signs supporting an inference of a long-standing condition" are present. *See, e.g., Quarles*, 997 F. Supp. at 333 (rejecting plaintiff's argument where there was no evidence that the puddle had previously been stepped in). Accordingly, absent evidence regarding the progressively congealing properties of the spill substance, any inference of constructive notice based on Plaintiff's description of the substance as "sticky" is pure speculation.

11

*Casiano v. Target Stores*, No. 06-CV-6286, 2009 WL 3246836, at *4 (E.D.N.Y. Sept. 24, 2009) (finding that laundry detergent's condition as "dried, pasty, and sticky" did not permit the inference that it was "present on the floor for a sufficient amount of time to constitute constructive notice."); *Casierra*, 2010 WL 2793778, at *3 ("For all we know, the lotion may have been on the floor for a long time, or it may have spilled moments before [Plaintiff] slipped on it.").[10]

Fourth, Plaintiff argues "that Defendant should be charged with having constructive notice of the liquid and debris on the floor . . . due to its failure to conduct reasonable systematic inspections of the pantry area of the store" and because the store allegedly did not have a maintenance plan in place. (Pl.'s Opp. at 13.) Under New York common law, a landlord or owner must "use . . . reasonable care to inspect and repair common areas." *Simoes*, 2013 WL 2948083, at *10 (internal citations and quotations omitted). "A landowner is chargeable with constructive notice of a dangerous condition that a reasonable inspection would have discovered." *Torres v. United States*, 09 CIV. 5092, 2010 WL 5422547, at *4 (S.D.N.Y. Dec. 23, 2010).

Assuming, without deciding, that this doctrine applies to the instant litigation,[11] the Court finds that Plaintiff has not demonstrated any genuine issue of material fact as to whether Defendant conducted reasonable inspections of the Kmart store. According to Rick Trksak, the Kmart store

---

[10] This Amended Order corrects a typographical error that existed in the Court's May 17, 2016 Order.

[11] Based on the Court's review of the record, neither party has put forward evidence suggesting that Kmart was the owner or landlord of the store where Plaintiff's fall occurred. Indeed, in its Answer, Defendant denied the sole allegation putting this fact at issue. (*Compare* Compl. ¶ 3 *with* Answer ¶ 3.) When the record is devoid of such evidence, courts in this jurisdiction have declined to apply the "reasonable inspection" doctrine. *Simoes*, 2013 WL 2948083, at *10. However, because Defendant does not contest in its moving papers whether or not it was an owner and/or landlord of the premises, the Court assumes the fact for purposes of this decision.

manager at the time of Plaintiff's fall, the Kmart store had many policies and procedures in place to discover and clean up spills. For example, there were "spill magic kit[s]" "[p]laced throughout the store" with "a broom, a dust pan[,]" and "a powdery substance that [is poured] on a spill" to make it easier to sweep up. (Dkt. 28-11 ("Trksak Tr.") at 17:6-18.) Moreover, "[a]ll associates are responsible to clean spills," (*id.* at 18:18-19), and approximately two employees would generally have been assigned to the area in which Plaintiff fell. (*Id.* at 20:5-18.) Separately, "loss prevention associates" also routinely "inspect the store" and, if they identify a spill, they "stay by the spill" and wait for an associate to arrive with a spill magic kit. (*Id.* at 25:23-26:19.) The record is devoid of any evidence suggesting that these policies are so unreasonable as to permit an inference that Defendant and its employees had constructive notice of the spill that allegedly caused Plaintiff's fall. As previously discussed, Plaintiff cannot point to evidence that, for example, shows that the spill existed for such a long period of time that the Court can infer the Defendant violated its duty to conduct reasonable inspections. *See, e.g., Lacey*, 2015 WL 2254968, at *6 ("[E]ven assuming a reasonable inspection had not taken place, plaintiff has not shown that a reasonable inspection would have discovered the condition, as she cannot establish the length of time that the condition was there to be discovered."); *Lionel*, 44 F. Supp. 3d at 321-22 (finding Target had a duty to inspect and eliminate hazards, but because plaintiff failed to present evidence how long a food container was on the floor prior to plaintiff's fall, she could not establish "the reasonable inference that [d]efendant breached" its duty); *Johnson v. Giles*, 7 N.Y.S.3d 758, 760 (N.Y. App. Div. 2015) (no issue of fact where plaintiff failed to present evidence that peeling paint existed for a sufficient length of time to allow a reasonable inspection to discover it). *Cf. Torres*, 2010 WL 5422547, at *6 (charging defendant with constructive notice where evidence showed

that defendant's employees failed to conduct required inspections for several hours prior to incident).

Accordingly, drawing all inferences in favor of Plaintiff as the non-moving party, a reasonable jury could not conclude that Plaintiff has submitted sufficient evidence showing that Defendant had actual or constructive notice of the particular spill that allegedly caused Plaintiff's injury. This deficiency is fatal to Plaintiff's negligence claim, which is the sole cause of action in this case.[12]

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment for Defendant and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 8, 2016
       Brooklyn, New York

---

[12] Plaintiff argues that the Court should disregard the affidavit submitted by Joseph Rodney, Jr. because he allegedly was not disclosed "as an individual likely to have discoverable information." (Pl.'s Opp. at 15.) The Court declines to address this issue because the Court does not rely on Rodney's affidavit in reaching its summary judgment decision.